# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed May 19, 1913.

## WASHINGTON, BALTIMORE & ANNAPOLIS ELECTRIC RAILROAD COMPANY VS. CHAS. W. SCHNAUFER.

*Geo. Weems Williams* for plaintiff.
*Francis P. Curtis* for defendant.

ELLIOTT, J.—

On the fourth day of April, 1913, the Washington, Baltimore and Annapolis Electric Railroad Company filed its petition in this Court praying that its order might be passed for the issue of a summons directed to Charles W. Schnaufer, requiring him to appear herein and show cause, if any he have, why certain property upon which the said Schnaufer is alleged to have a lease should not be condemned by the plaintiff for its use.

Upon the said petition this Court thereupon passed its order for the issue of a summons directed unto the defendant, said summons being made returnable by the sixteenth day of April, 1913.

Said summons was issued and served upon the defendant, who on the fifteenth day of April appeared by counsel and on the twenty-ninth day of April filed his answer, admitting the incorporation of the plaintiff, but denying that the Act of 1912, Chapter 117, gave to it any right to process to condemn his interest in the property concerned in the petition.

The case was set down for hearing and was heard on the seventh day of May, upon the petition and answer.

In his argument before this Court the defendant's Attorney resisted the condemnation on two grounds.

The first involved a denial of the right of the plaintiff to institute the

proceedings by reason of misnomer in the Act under which it claimed to exist.

The strength of this objection was made to depend upon the alleged confusion in the Act of 1912, Chapter 461, as to the name of the corporation itself.

It is true that some inaccuracies appear in the Act owing to the fact that in several places both in the preamble and body of the Act the word "electric" is omitted before the word "railroad," and in one place there is a transposition of the names of the cities which are mentioned in the title, but there can be no doubt that it was the intention of the Legislature to confer upon the plaintiff all the rights and powers that had been possessed by any and all of its predecessors, and there is a sufficient grant to it in its own name of all those rights and powers.

Moreover, in his answer the defendant has expressly admitted the incorporation of the plaintiff.

The second objection raised by the defendant is that the Act of 1912, Ch. 117, only applies to State or Municipal corporations which have the right to acquire property for "public use."

This objection would appear to have no more force than the first.

It is true that the Act of 1912, Ch. 117, does not confer the right of condemnation upon any corporation which does not otherwise possess it. It only provides a method in accordance with which the right to condemn, otherwise conferred, may be exercised.

There is no express repeal of the method of condemnation prescribed in Article 23 of the Code, conferring the right of condemnation upon railroad companies, though by Section 7 of the Act, that any corporation, &c., which "has the right to acquire property by condemnation, shall acquire such property, if condemnation proceedings be resorted to, in pursuance of, and under the provisions of this Article, anything in any other Public General Law or Public Local Law or private or special statute to the contrary notwithstanding.

The Act of 1912, Ch. 117, does not therefore create or destroy the power of condemnation in any corporation, nor is the use of the words "public use" in the title of the Act to be taken in a restrictive sense, and it cannot be admitted that it relates only to condemnation for public use.

Moreover, Section 2 of the Act makes it specifically to apply to condemnation "by the State, municipal or other corporation."

The objection made by the defendant upon the two grounds stated are therefore not tenable, and must be overruled.

The allegation of the petition, not contradicted, furnish sufficient warrant to the plaintiff to proceed to condemn the property concerned in compliance with the Act, and this Court will pass its order to that effect.